COLUMBIA PICTURES INDUSTRIES, INC., et al., Plaintiffs,

v.

Alex GARCIA, individually and d/b/a Master Video II, Defendant.

No. 96 C 8043.

United States District Court, N.D. Illinois, Eastern Division.

Jan. 26, 1998.

John L. Leonard, Ronald Ward Teeple, Jennifer Ann Lazewski, Defrees & Fiske, Chicago, IL, for Plaintiffs.

Michael Joseph H. Baniak, Gustavo G. Silver, Jr., Brinks, Hofer, Gilson & Lione, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge.

The plaintiffs in this case, all of whom produce, distribute, and/or license motion pictures, sued Alex Garcia for copyright and trademark infringement, alleging that he and his business rented to the public unautho-

rized copies of their videotapes. The plaintiffs have moved for summary judgment, and for the reasons stated below we grant the motion.

## I. Background

Most of the relevant facts are not in dispute. Garcia owns and operates Master Video II, a video rental establishment in Cicero, Illinois. After an investigator from the Motion Picture Association of America, a trade association which counts most of the plaintiffs as its members, determined that Garcia was renting unauthorized duplicate videotapes, the plaintiffs secured from Judge Alesia an order directing the U.S. Marshal to seize a number of such tapes. Pursuant to that order, on December 12, 1996, two marshals seized 133 unauthorized duplicate videotapes of 102 copyrighted movies.

Garcia has chosen to defend against the plaintiffs' motion for summary judgment with two assertions. First, he states that he was not present when the marshals seized the tapes and that he has not seen the tapes since that seizure, so he claims to have no way to determine whether the tapes seized were legal or illegal copies. Second, Garcia claims that he did not personally duplicate the tapes and that he did not have the equipment to do so. He asserts instead that he purchased all of the tapes from third parties and that his infringement, if any, was innocent.

## II. Analysis

### A. Infringement

■ We begin by observing that there is no genuine issue of material fact with respect to whether or not the tapes are authorized or unauthorized copies. They are unauthorized. The plaintiffs have come forward with substantial proof on this issue, and Garcia's only response was to swear that he did not "personally see" which tapes the marshals seized and that he has not seen the tapes since the seizure. The seizure took place over a year ago, and if Garcia wished to challenge the plaintiffs on this issue, it was incumbent on him to examine the tapes (or perhaps to hire an expert to do so) or to otherwise investigate their origins. His filings with this Court do not indicate that he was ever de-

nied access to them or that he has made any effort in this regard, and he has therefore forfeited any argument as to their legality. *See Columbia Pictures Indus., Inc. v. Richardson,* No. 95–C–0868–C, 1996 WL 928200, at *3 n. 1 (W.D.Wis. June 7, 1996). This compels a finding that Garcia violated 17 U.S.C. § 106(3) by renting unauthorized duplicates of copyrighted movies, *see id.* at *3, though after reviewing the record in the light most favorable to Garcia, we cannot conclude that he reproduced those movies in violation of 17 U.S.C. § 106(1).

### B. Damages

The plaintiffs have elected, as is their right, to receive statutory damages in accordance with 17 U.S.C. § 504(a)(2) and (c)(1). This entitles them to recover between $500 and $20,000 for each infringement, *see id.,* and in an effort to avoid creating material issues of fact on willfulness, *see Columbia Pictures Indus., Inc. v. Zakarian,* No. 90 C 4057, 1991 WL 93889, at *5 (N.D.Ill. May 28, 1991) (involving most of these same plaintiffs), the plaintiffs asked for the $500 minimum for the purposes of this motion. Garcia responds that his infringement was innocent, an assertion which he believes creates a genuine issue of material fact since 17 U.S.C. § 504(c)(2) gives us discretion to reduce the infringement award to $200 per infringement where "the infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright." In support, Garcia swears that he did not personally duplicate the tapes (and that he did not have the equipment necessary to do so) and that he bought them from third parties.

On this point the plaintiffs direct us to 17 U.S.C. § 401(d), which provides that "if a notice of copyright ... appears on the published copy or copies to which a defendant in a copyright infringement suit had access, then no weight shall be given to such a defendant's interposition of a defense based on innocent infringement in mitigation of actual or statutory damages...." Since "each and every videocassette seized [by the marshals] ... bore a notice of copyright," Pls.'

Reply at 7, the plaintiffs reason that Garcia may not raise the innocent infringer defense.

We are uneasy with this interpretation and application of § 401(d). The copyright notices at issue here appeared on the *seized* videotapes—the fakes—and § 401(d) applies only where the notice appeared "on the published copy or copies to which a defendant ... had access." *See also* S. REP. NO. 100–352, at 78 (1988), *reprinted in* 1988 U.S.C.C.A.N. 3706. The unauthorized duplicate videotapes obviously are not "the published copy," and we doubt that they are "copies to which a defendant ... had access," for if they are, then every defendant who infringes a copyright by distributing unauthorized duplicates has "access" to the unauthorized duplicates that he's distributing.[1] *See Zakarian*, 1991 WL 93889, at *3 (describing, by contrast, a defendant's "access" ... [to] numerous sources from which she can purchase new or used videocassettes); *Columbia Pictures Indus., Inc. v. Zuniga*, No. 95 C 2474, 1995 WL 632249, at *4 (N.D.Ill. Oct.25, 1995) (same). And if every distributor has "access," unlawful distribution can be innocent only when the unauthorized copies do *not* bear the copyright mark. Under this reasoning, if one unauthorized duplicate videotape was labeled with a believable reproduction of the original label (and thus bore a copyright mark) while another had a handwritten label (without a copyright mark), the distributor of the first videotape could not claim innocent infringement but the second could, despite the fact that it is the second distributor who has no credible claim of innocence. It seems unlikely that Congress intended such a perverse outcome.

■ Our hesitation on this point will be of cold comfort to Garcia, however, since § 504(c)(2) makes the reduction of the statutory damages entirely discretionary, and even if Garcia could "sustain the burden of proving" that his infringement was innocent, we would decline to reduce the damages. Garcia possessed a large number of unauthorized copies (133) of a large number of movies (102), a fact which we believe belies his innocent infringer claim. In addition, the plaintiffs have presented substantial evidence that unauthorized videotapes are easily distinguishable from authorized videotapes, and as the proprietor of a video rental business, Garcia should have recognized (if he did not actually know) that his tapes were fakes. In short, Garcia cannot persuade us to reduce his damages. *See Tucker*, 1997 WL 779093, at 11. He infringed the copyrights of 102 movies, and we grant the plaintiffs their requested damages: $500 per infringement, for a total of $51,000.

## C. Injunction

■ The plaintiffs have also asked for an injunction barring Garcia from further violations of their copyrights and trademarks. *See* 17 U.S.C. § 502; 15 U.S.C. § 1125. Garcia's did not respond to this request at all, and in light of the fact that Garcia's violation was large and that Garcia, as the owner of Master Video II, poses a threat of future infringements, we see no reason not to grant the injunction. *See Tucker*, 1997 WL 779093, at *13; *Columbia Pictures Industries, Inc. v. Babella*, No 95 C 1610, 1996 WL 328015, at *4 (N.D.Ill. June 11, 1996); *Richardson*, 1996 WL 928200, at *4; *Zuniga*, 1995 WL 632249, at *5–6; *Zakarian*, 1991 WL 93889, at *6.

## III.  Conclusion

For the foregoing reasons, we grant the plaintiffs' motion for summary judgment and award damages and an injunction. It is so ordered.

---

**1.** *But see Columbia Pictures, Inc. v. Tucker*, No. 94 CV 5542, 1997 WL 779093, at *7–9 (N.D.Ill. Dec.11, 1997). *Tucker* presented facts remarkably similar to the case at bar, except that the defendant there conceded the infringement. *Tucker*, 1997 WL 779093, at *3. For the purposes of our § 401 discussion, *Tucker* may be distinguishable since that case appears to have involved infringement via both unauthorized duplication and distribution, rather than distribution alone. But in invoking § 401(d) *Tucker* does appear to rely on the fact that copyright notices appeared on the *unauthorized* copies. *Id.* at *8, 9; *see also Richardson*, 1996 WL 928200, at *4 (unauthorized distribution). We are not convinced that this approach makes sense.